UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RALPH  TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-00328-JMS-MJD |
| | ) | |
| JOHN C. OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry and Order Dismissing Action

Ralph Taylor, an inmate at the Federal Correctional Institution, in Terre Haute, Indiana filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons explained below, the summary dismissal of this action is appropriate.

## I. Filing Fee

Before turning to the insufficiency of the petition, a preliminary issue must be addressed. Taylor asks the clerk to "subtract the filing fee of $5.00 from the $20.00 received from the Petitioner Via: UPS Tracking No. [. . . ] dated 27 June 2013, for future filings and/or miscellaneous file matters." See dkt. 2. Taylor's request is **denied.** Taylor remains obligated to pay the filing fee.

## II.  Summary Dismissal

Taylor is currently serving the executed portion of the sentence imposed in *United States v. Taylor*, 1:96-cr-132-LJM-KPF-01, following his convictions for conspiracy to distribute

cocaine, money laundering, conspiracy to commit money laundering, and engaging in unlawful monetary transactions. His convictions were affirmed on direct appeal in *United States v. Taylor*, 196 F.3d 854 (7th Cir. 1999), *cert. denied*, 529 U.S. 1081 (2000). His motion for relief pursuant to 28 U.S.C. § 2255 was denied in *Taylor v. United States*, No. IP 01- 526-C-T/F (S.D. Ind. Nov. 1, 2002). Subsequent efforts to file unauthorized second or successive motions for relief pursuant to 28 U.S.C. § 2255 have been rejected.

In this action Taylor launches another collateral challenge seeking relief pursuant to 28 U.S.C. § 2241. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution, not the validity, of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Section 2255 is the "exclusive remedy" to challenge a federal conviction unless that remedy "is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e). *See Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). If § 2255 offers "one full and fair opportunity to contest" one's conviction, then a § 2241 petition must be dismissed under § 2255(e). *Id.* In other words, a "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (internal quotation omitted).

Although Taylor denies that he is challenging his sentence or conviction, he argues that his continued detention violates the Ninth and Tenth Amendments because prior to being taken into federal custody he was entitled to and denied a due process hearing in the Ninth Circuit where he was a resident. In support he cites to *Bond v. United States*, 131 S.Ct. 2355 (2011). He states, "[p]rior to *Bond v. United States,* this Petitioner, a Nevada citizen, lacked standing to

challenge the intrusion by federal agents on Petitioner's liberty in violation of the Tenth Amendment." Pet. at 8. In addition, he argues that *Bond* created a new rule of constitutional law, made retroactive to cases on collateral review. Taylor is mistaken. In *Bond*, the Supreme Court held that a defendant indicted for violating a federal statute had standing to challenge the statute's validity on the ground that it intruded on the sovereignty and authority of the States in violation of the Tenth Amendment. *See id*. at 2360, 2367. "*Bond*, a direct appeal, did not decriminalize his offense behavior, nor did it hold that claims such as the ones he raises may be presented in § 2241 petitions." *Bedolla v. Obama*, 460 Fed.Appx. 292, 294, 2012 WL 386295, *1 (5th Cir. 2012); *See Hewlett v. United States,* 2013 WL 1288034 (E.D. Wis. 2013) (holding that *Bond* is not a new rule of constitutional law made retroactive on collateral review). Thus, Taylor's habeas claim does not qualify for consideration under the savings clause of § 2255(e).

Taylor's arguments relate to events that occurred prior to sentencing. Taylor's habeas claim could have been asserted in his direct appeal. It was not. Taylor's habeas claim could have been asserted in his first § 2255 motion. It was not.

Accordingly, Taylor's habeas petition is summarily dismissed. His requests for release on bond while this action is pending and for a hearing on his habeas petition are each **denied.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/13/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RALPH TAYLOR
#31628-048
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808